JOAN H. AND PAUL H. CURTIS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Curtis v. Commissioner
Docket No. 14350-90
United States Tax Court
T.C. Memo 1993-181; 1993 Tax Ct. Memo LEXIS 184; 65 T.C.M. (CCH) 2472; April 26, 1993, Filed *184 An appropriate order will be issued and a decision will be entered under Rule 155. Joan H. and Paul H. Curtis, pro se. [1]
For respondent: Sherri Munnerlyn. DAWSON
DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to Special Trial Judge Larry L. Nameroff pursuant to section 7443A(b)(4) and Rules 180, 181, and 183. [2] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE NAMEROFF, Special Trial Judge: This matter is before the Court on respondent's motion for entry of decision in accordance with the stipulation of settled issues. In a notice of deficiency dated April 11, 1990, respondent *185 determined a deficiency in petitioners' Federal income tax for the taxable year 1986 in the amount of $ 17,897.68. Respondent also determined additions to tax under section 6651(a)(1) in the amount of $ 3,235.41, under section 6653(a)(1)(A) in the amount of $ 954.88, under section 6653(a)(1)(B) in the amount of 50 percent of the interest due on $ 17,897.68, and under section 6661(a) in the amount of $ 4,474.42. The deficiency resulted from respondent's determinations that petitioners were not entitled to a casualty and theft loss in the amount of $ 23,202, Schedule C expenses of $ 21,664, and cost of goods sold of $ 11,880. [3] Petitioners contested in their petition all of the adjustments made by respondent in the notice of deficiency. On July 3, 1991, the case was set for trial at the trial session commencing on December 9, 1991, in Pasadena, California. *186 On October 28, 1991, petitioner Paul Curtis (hereinafter petitioner when used in the singular) moved for a continuance due to a disability. Respondent objected to the continuance. By order dated November 13, 1991, petitioner's motion for continuance was denied, based in part upon the Court's conversation (with the consent of the parties) with petitioner's doctor. [4] Petitioner's motion to reconsider denial of petitioner's request for continuance was denied on November 22, 1991. On December 3, 1991, petitioners filed a motion for continuance to allow petitioners to retain counsel. This motion was denied on December 13, 1991. On December 13, 1991, the parties filed a stipulation of settled issues. The stipulation also reflected respondent's concession as to the deduction for cost of goods sold and the addition to tax under section 6661(a). The stipulation *187 reflected petitioners' concession regarding the disallowance of the casualty and theft loss and the additions to tax for negligence. The parties agreed in the stipulation that petitioners were entitled to a deduction for Schedule C business expenses in the amount of $ 1,358, with petitioners conceding the remaining $ 20,306 of the adjustment. Finally, the parties agreed that although the addition to tax under section 6651(a)(1) was applicable, it would be computed on the basis of 20 percent, rather than 25 percent as set forth in the notice of deficiency. Decision documents were due to be filed with the Court by February 18, 1992. On that date, respondent filed a status report indicating that petitioners had failed to return signed decision documents which had been mailed to them on February 10, 1992. On March 12, 1992, respondent filed the instant motion for entry of decision in accordance with the stipulation; attached thereto was a proposed decision and the underlying computations. On April 3, 1992, petitioners filed an objection to respondent's motion for entry of decision. They contended that respondent coerced them into signing the stipulation by representing that the *188 Court did not have jurisdiction over section 6653(a)(1)(B) and other issues of interest and penalties. Petitioners also contended that respondent was unfair in not accepting some of their documentation. On April 16, 1992, the Court issued an order indicating that the Court has jurisdiction over all matters relating to petitioners' Federal income tax for taxable year 1986, including the deficiency in income tax and the additions to tax as set forth in the notice of deficiency. Petitioners were ordered to show cause on or before May 15, 1992, why the proposed decision should not be entered. On May 15, 1992, petitioners filed their response to the Court's order to show cause; additional responses were filed on May 29, 1992, and October 15, 1992. In those responses, petitioners basically contended that: Respondent lost some of their documentation; they were entitled to prevail on the merits of the adjustments set forth in the notice of deficiency; and the additions to tax for negligence were abusive. A hearing on the Court's order to show cause was set for February 1, 1993. In the Court's order setting the hearing, the Court suggested that petitioners engage the services of an *189 independent tax adviser to assist them in presenting their case. The hearing was continued based on petitioners' motion, and, ultimately, calendared for March 15, 1993. On February 10, 1993, petitioners' counsel filed their entry of appearance. At the hearing, respondent contended that the stipulation was entered into in good faith and should be recognized and enforced by the Court. Petitioners' counsel appeared, and urged the Court to vacate the stipulation on the ground that they were in the process of attempting to renegotiate the issues with respondent. On the Court's inquiry, it was represented that no significant additional documentation which would support the disallowed Schedule C expenses was currently available, although such documentation probably could be obtained. [5]
*190 According to some of petitioners' filings, the casualty and theft loss issue pertained, in part, to contractual difficulties with a contractor hired to make additions and alterations to petitioners' home, and, in part, to a stolen car owned by their son. The allegations concerning the casualty and theft loss do not clearly indicate that the stipulation was unjust. Furthermore, although petitioners agree that some errors were made on their tax return, they contend that they were not negligent. Rule 91(e) provides that a stipulation binds the parties and that the Court will not permit a change therein "except * * * where justice requires." See also . This Court has the power to enforce settlement stipulations entered into by the parties, whether filed in writing or orally stipulated into the record. See , affg. per curiam ; ; . *191 As we have stated, "The law is well established that a court has some power to set aside a settlement stipulation filed with it but its discretion will not be exercised unless good cause is shown." . The question then is whether we should exercise our discretion in this case to prevent manifest injustice. Petitioners have not demonstrated that they were coerced into signing the stipulation of settled issues. They were not called as witnesses at the hearing. Further, petitioners have not demonstrated that if the stipulation were set aside, and a trial was scheduled forthwith, that they would be able to substantially prevail as to the merits on the issues which they conceded in the stipulation. The mere possibility that they may substantiate a few additional deductions beyond those which were set forth in the stipulation is not relevant. Moreover, since the filing of the stipulation, petitioners have had ample time to obtain documentation which would show the stipulation to be unjust. Instead, they continue to argue their entitlement to deductions based upon respondent's loss of "documents" (which were never *192 identified by petitioners). Finally, we also note the risk petitioners would face with regard to the addition to tax under section 6661 conceded by respondent if we were to set aside the stipulation in its entirety. In short, nothing set forth in petitioners' papers or at the hearing compels us to believe that justice requires the Court to set aside the stipulation. In reaching this conclusion we have also taken into consideration the inconvenience to respondent and to the Court, which would be entailed with regard to setting aside the stipulation. In , we stated: Moreover, more stringent standards should be applied to a motion to vacate a settlement agreement at this stage of a proceeding than to modifying a pretrial order pursuant to which a case is tried. In these cases, the settlement agreement led to vacation of the trial date and would have led to entry of decisions had the parties complied with their agreement and the Court's order with respect to submission of settlement documents. The considerations, therefore, are more akin to those involved in vacating a judgment *193 entered by consent. In such case, the parties are held to their agreement without regard to whether the judgment is correct on the merits. [Citations omitted.]
Accordingly, respondent's motion for entry of decision pursuant to the stipulation of settled issues will be granted. An appropriate order will be issued and a decision will be entered under Rule 155. Footnotes
1. At the time of trial, petitioners were represented by counsel. Subsequently, on March 30, 1993, the Court granted the motion of petitioners' counsel to withdraw.↩
2. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. The notice of deficiency also contained mathematical adjustments to the "two-earner deduction" and to medical and dental expenses, which are computational in nature.↩
4. Moreover, the Court noted that no grounds of disability were raised regarding Mrs. Curtis, a petitioner who could have represented both petitioners at trial.↩
5. Subsequent to the hearing, the Court received a document from petitioners entitled "Petitioners [sic] Discharge of Attorney, Opposition to Respondents [sic] Motion for Judgement [sic], and Motion to Produce Documents". The Court filed this document as Further Response to the Order to Show Cause. Its contents merely rehash what has already been presented by petitioners in other filings, in addition to the discharge of their counsel. As previously stated, on March 30, 1993, the Court granted the motion of petitioners' counsel to withdraw.↩